406 A.2d 1133

**Charles J. JOST**

v.

**PHOENIXVILLE AREA SCHOOL DISTRICT, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Decided June 29, 1979.

Petition for Allowance of Appeal Denied Oct. 12, 1979.

462

Sydney H. Weiss, Phoenixville, for appellant.

Robert W. Barton, Harrisburg, for appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order refusing to grant a new trial. Appellant asserts that appellee is not entitled to the damages awarded him by the jury.

Appellee started the action on June 21, 1972, by filing a praecipe for writ of summons. On July 7 appellant entered its appearance, and on October 10 appellee filed a complaint in assumpsit, which may be summarized as follows.

During the 1958–59 school year appellee was employed by East Pikeland Township School District as a teacher under a professional employee contract. His employment continued through the 1965–66 school year, at which time he was paid $11,000 for ten and one-half months service. On July 1, 1966, the school districts of East Pikeland Township, Schuylkill Township, and Phoenixville Borough were consolidated to form the appellant school district. During the 1966–67 school year, appellee was employed by appellant for twelve months service at a salary of $11,400, despite his protests that this salary be prorated and adjusted in accordance with his prior salary level. During the 1967–68 school year appellant increased appellee's salary to $12,200 for twelve months service, but again denied appellee's request for a salary proration and adjustment. Appellee received no salary increase for the school years 1968–69 and 1969–70. Beginning in the 1969–70 school year appellee was assigned as a supervisor at the East Pikeland Elementary School. His salary was increased to $12,940 for the 1970–71 school year, but was not increased further during the next two school years, even though appellee was awarded a Ph.D. in Education in 1971. In 1971 the salary schedule established by appellant for its employees provided for a salary of $13,990 for only nine and one-half months service for persons having appellee's qualifications and years of experience. Since July 1966 appellant has employed persons in supervisory positions at salaries exceeding appellee's. Some of these persons received salary increases each school year between 1964–65

and 1971–72 at rates exceeding appellee's. Furthermore, six of appellant's employees holding positions inferior to appellee's received salaries in excess of his during the 1971–72 school year. Appellee is certified as an elementary teacher, elementary principal, supervising principal, assistant to the superintendent for business affairs, and superintendent. He has received a satisfactory rating each year he has been employed by appellant. Yet, some of the persons appellant employed at salaries exceeding appellee's were uncertificated, and appellant has forfeited $15,000 in state subsidies as a result. These actions were arbitrary and capricious, and constituted a demotion of appellee in both salary and type of position contrary to the provision of the Public School Code Act of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 11–1150, 1151, and contrary to the due process and equal protection clauses of the United Stated Constitution. As a result, appellee has lost $30,775 in expected salary increases, and has been denied the professional and personal status and reputation he would have otherwise enjoyed.

Appellant did not file a timely answer to this complaint, and on February 13, 1973, a judgment by default was entered. Appellant filed a petition to open the judgment. The lower court granted the petition, but in *Jost v. Phoenixville Area School District*, 237 Pa.Super. 153, 346 A.2d 333 (1975), this court reversed. Thereafter, a jury trial was held to determine the amount of appellee's damages. The jury rendered a verdict in appellee's favor in the amount of $73,161, $30,775 of this amount being for lost salary increases, $7,386 for interest, and $35,000 for injury to appellee's status and reputation. Appellant filed a post-verdict motion for a new trial. The lower court denied the motion, and this appeal followed.

Appellee's action is based primarily on the provisions of the Public School Code Act of 1949.[1] Section 1151 of the Act provides:

1. Jurisdiction over this appeal therefore properly lies in the Commonwealth Court. Act of July 9, 1976, P.L. 586, Act No. 142, 42 Pa.C.S.A. § 762 (1978). However, neither of the parties having

The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employe either in salary or in type of position without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

Under this provision, a professional employee may be demoted only if the demotion is not arbitrary or capricious, and only after the employee has consented to the demotion or has been accorded the procedural safeguards set forth by the Act. *Tassone v. Redstone Township School Dist.*, 408 Pa. 290, 183 A.2d 536 (1962); *Smith v. Darby School Dist.*, 388 Pa. 301, 130 A.2d 661 (1957). If an employee is illegally demoted, he is entitled to reinstatement with no abatement of salary. *Black v. Wyalusing Area School Dist.*, 27 Pa. Cmwlth. 176, 365 A.2d 1352 (1976); 24 P.S. § 11–1130. Furthermore, an action in assumpsit will lie to recover the back salary owing to the illegally demoted or discharged employee. *Goetz v. Norristown Area School Dist.*, 16 Pa. Cmwlth. 389, 328 A.2d 579 (1974); *Sweeney v. Lakeland School Dist.*, 13 Pa.Cmwlth. 485, 319 A.2d 207 (1974).

Appellant does not argue that appellee's action fails to state a cause of action under the Act. Instead, it argues that the lower court erred in directing the jury to render a verdict for appellee in the amount of $30,775, plus interest, in other words, in the amount of damages that appellee had

raised a jurisdictional objection, we may nevertheless decide the appeal. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42, Pa.C.S.A. § 704 (1978); Pa.R.A.P. 741. Given the age of the case, and our past involvement in it, we have concluded that we should decide it rather than transfer it to the Commonwealth Court. *Cf. Patterson v. Oakes*, 260 Pa.Super. 415, 394 A.2d 995 (J. 1438/77, filed Nov. 17, 1978) (SPAETH, J., concurring).

alleged as lost salary increases. It is appellant's contention that its failure to answer the complaint did not constitute an admission that this amount was the amount of appellee's damages.

■ This court has held that where a complaint in assumpsit pleads the proper measure of damages, the damages alleged will be deemed admitted if not denied. *Platt v. City of Philadelphia*, 183 Pa.Super. 486, 133 A.2d 860 (1957). *Cf. Evans v. Allied Discount Co.*, 199 Pa.Super. 239, 184 A.2d 345 (1962). In this case, however, the complaint does not plead the proper measure of damages. While an employee wrongfully demoted by a school district is entitled to recover salary increases he would have enjoyed had he not been demoted, *see Smith v. Darby School Dist., supra* ; 24 P.S. § 11–1130, here the complaint does not show how appellee computed his salary losses. Specifically, it does not establish what appellee's employment position with appellant would have been had he not been demoted, nor the salary level of that position. The only allegation that might be construed as establishing these facts is that under appellant's salary schedule, a teacher with appellee's qualifications and years of experience should have received $13,990 for nine and one-half months service during the 1971–72 school year. However, during that year appellee received $12,940 for twelve months service, and if the difference between $13,990 and $12,940 (adjusted to reflect payment for nine and one-half months) is multiplied by seven (the number of years for which appellee claimed salary losses), the product is substantially less than $30,775.[2] Accordingly, the lower court erred

2. The complaint also listed the salary increases of four individuals employed by appellant in supervisory positions between the school years 1964–65 and 1971–72, and the salaries of six other individuals who were employed by appellant in positions inferior to appellee's. The complaint did not allege, however, that appellee was entitled to a position or salary comparable to that of any of these individuals. Furthermore, the complaint contained no allegation that any of these individuals earned $30,775 more than appellee during the years in question.

in taking away from the jury the issue of the amount of appellee's lost salary increases. On remand the lower court should require appellee to prove the position and salary level he would have enjoyed had he not been demoted so that his salary losses may be determined.

■■■ The lower court also erred when it directed the jury to render a verdict in favor of appellee for damages for injury to appellee's status and reputation. We need not reach appellant's assertion that such damages are never recoverable in an employee's action for wrongful discharge. *But see* 11 Williston, Contracts § 1359 at 312 (Jaegar ed. 1968) (damages may sometimes be awarded wrongfully discharged employee for not being allowed to do work for which he was engaged, and which would increase his skill and reputation). *See also* 5 Corbin, Contracts § 1095 at 519 (1964). Here appellee did not base his action on the terms of a written contract between himself and appellant, but on provisions of Public School Code Act of 1949.[3] That Act not only establishes that a professional employee is not to be arbitrarily demoted in salary or type of position, but also establishes procedures to ensure that such a demotion does not occur. Before an employee may be demoted, he must be given notice and a hearing before the school board. 24 P.S. §§ 11–1127, –1151. Testimony at the hearing is to be taken under oath, 24 P.S. §§ 11–1128, and the employee has the right to subpoena witnesses to testify on his behalf. *Id.* Furthermore, demotion may occur only after ⅔ of all board members vote in favor of demotion. 24 P.S. § 11–1129. An aggrieved employee may appeal the board's decision to the Secretary of Education, 24 P.S. § 11–1131, and ultimately to the courts. 24 P.S. § 11–1132. In all cases where the final decision is in favor of the employee, he is to be reinstated to his original position and paid any back salary that is due. 24

---

**3.** It is to be noted that appellee did not attach his contract with appellant to his complaint, as is required when an action is based upon the terms contained in a written contract. See Pa.R.C.P. No. 1019(h).

P.S. § 11–1130. Finally, these procedural requirements must be strictly followed by the school district, and any non-compliance at the hearing level will entitle the employee to a new hearing, regardless of whether he has been prejudiced. *Commonwealth, Dept. of Educ. v. Oxford Area School Dist.*, 24 Pa.Cmwlth. 421, 356 A.2d 857 (1976). *See generally Robinson v. Abington Education Assoc.*, 32 Pa.Cmwlth., 563, 379 A.2d 1371 (1977); *LaPorta v. Bucks County Public Schools Intermediate Unit No. 22*, 15 Pa.Cmwlth. 566, 327 A.2d 655 (1974); *Walsh's Appeal*, 144 Pa.Super. 342, 19 A.2d 608 (1941).

We believe that the Legislature intended that the statutory remedies be the exclusive remedies for a professional employee who has been illegally demoted. While those remedies include both reinstatement and back salary, and provide both administrative and judicial review of the board's decision, they do not provide that a wrongfully discharged or demoted employee may recover damages for injury to his status and reputation. Appellee has not directed our attention to any case permitting such a recovery, nor has our research revealed any. Indeed, it would seem that injury to status and reputation will rarely occur, if the employee avails himself of his statutory remedies.[4]

Appellee argues that he is nevertheless entitled to damages for injury to status and reputation because even though his complaint was in assumpsit, it sounded in trespass, and such damages are compensable in a trespass action. He further argues that by failing to file a timely answer, appellant has waived its objection that his action was improperly brought in assumpsit rather than trespass. While

---

4. The record does not show whether appellee did avail himself of his right to a hearing before the school board. However, because appellant failed to file pleadings objecting to appellee's suit on the ground that appellee had failed to exhaust his administrative remedies, the objection has been waived. Pa.R.C.P. No. 1032; *cf.* 4 Stand.Pa. Prac.—*The Answer* § 16. Of course, this waiver does not affect the kind of damages that are recoverable in an action based on The Public School Code Act for wrongful discharge.

we agree that appellant has waived its objection to the form of appellee's action, *see* 2 Goodrich-Amram 2d § 1032:1, we do not accept appellee's argument that his action sounds in trespass. The record indicates that until the trial on damages, appellee treated his complaint as one in assumpsit only. In particular, this is shown by appellee's action in securing the default judgment. Within weeks of the commencement of this action, and long before default judgment was entered, appellant entered its appearance. This appearance would have precluded appellee from obtaining a default judgment had his action been in trespass. *See Pattinato v. Moody,* 248 Pa.Super. 32, 374 A.2d 1302 (1977); *Fleck v. McHugh,* 241 Pa.Super. 307, 361 A.2d 410 (1976); 2 Goodrich-Amram 2d §§ 1045(c):2, 1047:2.[5] *And see* our prior decision in *Jost v. Phoenixville Area School Dist., supra,* where we affirmed the default judgment as a judgment entered on a complaint in assumpsit. In these circumstances, it is too late for appellee to argue now that his complaint also sounded in trespass.

The order of the lower court is reversed, and the case is remanded for a trial at which appellee may prove his loss of salary, if any, consistent with this opinion.

**5.** We recognize that appellant entered its appearance before appellee filed his complaint. However, in a trespass action an appearance precludes the plaintiff from obtaining a default judgment, whether the appearance is entered before or after the complaint. Pa.R.C.P. No. 1047(a) states:

After a complaint has been filed and the time for pleading thereto has expired, the prothonotary, on praecipe of the plaintiff, shall enter judgment against a defendant who has neither pleaded to the complaint nor appeared at any time in the action.

Under Pa.R.C.P. No. 1007, this action commenced when appellant filed his praecipe for a writ of summons.