523 A.2d 430

Liberty Ford Truck Sales, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Murray), Respondents.

Submitted on briefs February 23, 1987, before Judges Craig and Doyle, and Senior Judge Kalish, sitting as a panel of three.

*William F. Sweeney,* with him, *Alfonso M. Salazar, Schubert, Bellwoar, Mallon & Walheim,* for petitioner.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for respondent, Edwin M. Murray.

OPINION BY JUDGE DOYLE, April 1, 1987:

Liberty Ford Truck Sales, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) denying its petition for a second physical examination of Edwin M. Murray (Claimant), an injured employee. We affirm.

Claimant in January 1984 injured his lower back during the course of his employment with Employer, and began receiving workmen's compensation benefits for total disability in February 1984. On January 4, 1985, Claimant filed a petition with the Bureau of Workers' Compensation, alleging that Employer had illegally stopped payment of benefits and Claimant's medical bills. A hearing was held before a referee, who on March 12, 1985 found that Claimant continued to be totally disabled; that he required continuing medical treatment for his back injury; and that Claimant had a necessary, fair and reasonable medical expense of $2,120. The referee ordered Employer to continue paying benefits and Claimant's medical expenses. This order was not appealed by Employer.

On April 1, 1985, however, Employer filed a petition with the Board to compel a medical examination of Claimant, even though Claimant had been examined previously by Employer's doctor in April 1984. Employer's express purpose in requesting the second examination was to determine the reasonableness and causal relationship of the $2,120 medical bill to Claimant's injury.

Claimant filed an Answer[1] to Employer's petition on April 10, 1985, and on December 31, 1985, the Board

_____

[1] In his Answer to the petition of Employer, Claimant attached a copy of the referee's decision of March 12, 1985, complete with findings of fact and conclusions of law.

summarily denied Employer's petition. Employer petitions this Court for review of the Board's order.

In brief, Employer argues that the Board violated Sections 414 and 418 of The Pennsylvania Workmen's Compensation Act (Act)[2] in denying its petition for a second medical examination. Section 414 of the Act, 77 P.S. §775, provides in pertinent part: "[w]henever a claim petition or other petition is presented to the department, the department shall, by general rules or special order, assign it to a referee for a hearing." Section 418 of the Act, 77 P.S. §833, states:

> The referee to whom a petition is assigned for hearing, may subpoena witnesses, order the production of books and other writings, and hear evidence, shall make a record of hearings, and shall make, in writing and as soon as may be after the conclusion of the hearing, such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the petition and answers and the evidence produced before him and the provisions of this act shall, in his judgment, require.

Employer argues that, pursuant to its request for a second physical examination of Claimant under Section 314 of the Act,[3] the Board violated Sections 414 and 418 by issuing its order without first assigning the case to a referee for a hearing and written decision containing findings of fact and conclusions of law. We disagree with Employer's argument.

It is clear that the only reason for Employer's petition for a further medical examination in this instance was to afford it an opportunity to contest *again* a medi-

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§775, 833.

[3] 77 P.S. §651.

cal expense that a referee in a prior hearing had ordered it to pay after finding the expense to be necessary, fair and reasonable. For whatever reason, Employer chose not to appeal the referee's decision of March 12, 1985 to the Board; consequently, the decision crystallized into *res judicata*. *See City of Philadelphia v. Lindy*, 71 Pa. Commonwealth Ct. 515, 455 A.2d 278 (1983). Therefore, although we recognize as a general proposition that the Act requires the Board to refer a Section 314 petition for a medical examination to a referee for a hearing, *see, e.g., Bi-Lo Shop-N-Bag v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 133, 430 A.2d 1212 (1981), we will not interpret Sections 414 and 418 of the Act to require the Board to refer the petition for a referee's hearing when the *sole* purpose in requesting the examination is to collaterally attack an unappealed award of a *liquidated medical expense*. To hold otherwise would permit a recalcitrant employer to harass an employee by delaying payment of a legitimate medical expense while pursuing a meritless petition before a referee. In light of the humanitarian purposes of the Act, this is something that this Court cannot and will not countenance.

Affirmed.

### ORDER

Now, April 1, 1987, the order of the Workmen's Compensation Appeal Board, P.E. 4787 dated December 31, 1985, is affirmed.