**Shirley STOKES, et al.**

v.

**The BOARD OF TRUSTEES OF TEMPLE UNIVERSITY, et al.**

No. 86–5134.

United States District Court, E.D. Pennsylvania.

March 23, 1988.

tion must also be denied without prejudice at this stage.

Dante Mattioni, Mattioni, Mattioni & Mattioni, Ltd, Philadelphia, Pa., for plaintiffs.

John B. Langel and Christine Eskilson, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUDWIG, District Judge.

On June 30, 1986, Temple University terminated plaintiffs' employment as academic advisors in its Special Recruitment and Admission Program (SRAP) and, shortly thereafter, eliminated the program's advisory function. The complaint, as amended, charges racial and national origin discrimination (Count I) and free speech violations (Count II), under 42 U.S.C. §§ 1981, 1983. Four plaintiffs are black and the fifth is of Hispanic origin. The purpose of the program was to assist minority students with educationally disadvantaged backgrounds. The causes of the terminations are alleged to have been discrimination, plaintiffs' criticisms of Temple's minority educational programs, and the filing by plaintiffs of collective bargaining grievances and complaints with various governmental agencies.

Defendants move for summary judgment based on the doctrine of collateral estoppel.

On July 14, 1986, the American Association of University Professors (AAUP), filed unfair labor practice charges with the Pennsylvania Labor Relations Board (PLRB), alleging that Temple violated Sections 1101.1201(a)(1) and (3) of the Pennsylvania Public Employe Relations Act, 43 Pa. S.A. § 1101.101 *et seq.* (Purdon Supp. 1987), by terminating plaintiffs' employment.[1] Specifically, the union contended that plaintiffs were discharged "in retaliation for their filing of numerous grievances under the collective bargaining agreement and outspoken criticisms of [Temple's] administration of [SRAP]." *AAUP v. Temple University*, PERA–C–86–342–E, slip op. at 1 (PLRB, August 7, 1987). The PLRB decided the case in Temple's favor, concluding that the university's evidence overcame any showing of retaliation by the union. *Id.* at 6 n. 2.

Although the record provides support for many of the AAUP's factual assertions, the charge must be dismissed because Dr. Banks [the director of SRAP since May of 1985] credibly testified that the academic advisors were laid off for legitimate educational reasons.

\* \* \* \* \* \*

... the AAUP contends that the academic advisors were not laid off for sound educational reasons.

\* \* \* \* \* \*

... While issue may be taken with the wisdom of Dr. Banks' decision and the manner in which it was carried out, the fact remains that Dr. Banks credibly testified that she was solely responsible for making it and that she made it for what she considered to be legitimate educational reasons.... The record does not show that the academic advisors having filed grievances and complaints moti-

vated that decision. That being the case, the charge must be dismissed.[2]

*Id.* at 8–9.

Under *University of Tennessee v. Elliott*, 478 U.S. 788, ——, 106 S.Ct. 3220, 3227, 92 L.Ed.2d 635 (1986), the PLRB's findings on "issues of fact properly before it which the parties have had an adequate opportunity to litigate" must receive the same preclusive effect here as would be given by a Pennsylvania state court. Defendants cite two of the PLRB's conclusions: 1) "the record does not show that the academic advisors having filed grievances and complaints motivated [the] decision [to terminate the advisors]," and; 2) "Dr. Banks credibly testified that the academic advisors were laid off for legitimate educational reasons." These findings, they assert, collaterally estop plaintiffs as to all of the material issues raised in this action.

Defendants' motion for summary judgment will be denied as to Count I and granted as to Count II.

■ Under Pennsylvania case law, collateral estoppel will apply to findings of an administrative agency, such as the PLRB, where four conditions are present: 1) the issues in the agency proceeding are identical to those before the court; 2) the agency rendered a final decision on the merits; 3) the party against whom the finding is asserted was a party or in privity with a party in the agency proceeding; and 4) the party against whom it is asserted had a full and fair opportunity to litigate the issue before the agency. *See Balsbaugh v. Zeck*, 92 Pa.Commw. 627, 631, 500 A.2d 208, 210 (1985) (PLRB findings given preclusive effect).

■ The issue before the PLRB was whether plaintiffs were discharged for engaging in activity protected by the Pennsylvania Public Employe Relations Act. *E.g., Pennsylvania Labor Relations Board v. Stairways, Inc.*, 56 Pa.Commw. 462, 467,

---

1. These charges were filed about two months before this action was begun. The action was placed in suspense pending the outcome of the charges and of a related arbitration proceeding.

2. The examiner stated that he "assumed" that the filing of complaints with government agencies and the criticisms of the University's administration of SRAP were protected by the Public Employe Relations Act. *Id.* at 6 n. 3.

425 A.2d 1172, 1174–75 (1981). Here, the issue presented by Count I is, by contrast, whether plaintiffs were terminated because of race or nationality. *Lewis v. University of Pittsburgh,* 725 F.2d 910, 915–16 (3d Cir.1983), *cert. denied,* 469 U.S. 892, 105 S.Ct. 266, 83 L.Ed.2d 202 (1984). To prevail on this claim they must prove by a preponderance of the evidence that but for their race or nationality they would not have been discharged. *Id.* Because the issues in the two proceedings are not identical, collateral estoppel may not be effectuated. *Safeguard Mutual Ins. Co. v. Williams,* 463 Pa. 567, 575, 345 A.2d 664, 669 (1975); *Schubach v. Silver,* 461 Pa. 366, 378, 336 A.2d 328, 334 (1975).

Defendants argue that the determinative issue before the PLRB was whether the proffered non-discriminatory explanation for the discharges was pretextual. The pretext issue, they maintain, will also be the crux of this action and plaintiffs should not have a second chance to litigate the same issue again. This argument has conceptual appeal. However, it misconstrues the purpose of the structure adopted for allocating the burdens and order of presentation of proof in discrimination cases.[3] That structure, or formula, was "never intended to be rigid, mechanized or ritualistic." *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). When a defendant "fails to persuade the district court to dismiss the action for lack of a prima facie case and responds to the plaintiff's proof by offering evidence of the reason for the [employment action at issue] ... the district court [is] then in a position to decide the ultimate factual issue in the case." *United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). *See*

*Reeves v. General Foods Corp.,* 682 F.2d 515, 523 (5th Cir.1982).

Although plaintiffs may have to establish pretext in order to prevail here, the context for that issue will be their specific claim of discrimination, not activity protected by the Pennsylvania Public Employe Relations Act. The factual inquiry will be focused for the first time on race and national origin discrimination. For this reason, cases referred to by defendants are inapposite. *See, e.g., Buckhalter v. Pepsi–Cola General Bottlers, Inc.,* 820 F.2d 892, 894–97 (7th Cir.1987) (prior finding of Illinois Human Rights Commission that plaintiff's race discrimination claim was without merit barred subsequent § 1981 action in which plaintiff alleged he was discharged because of race).

■ At oral argument, plaintiffs represented that more discovery is necessary to develop fully their claim of discrimination. Additional discovery is the subject of a pending motion to compel. For this reason, defendants may be asserting prematurely that the very same evidence will be presented here as was submitted to the PLRB. *See J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring). Furthermore, a discrimination plaintiff is not required to prove pretext by direct evidence. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 901–02 (3d Cir.1987). Indirect proof need not specifically relate to the nature of the discrimination or the discriminatory acts. *See id.* at 898. Although some of plaintiffs' evidence will be identical to evidence offered before the PLRB, *see AAUP v. Temple,* slip op. at 8, this does not conclusively demonstrate that the issues in the two proceedings are the same. The PLRB finding that plaintiffs were not discharged for engaging in activity protected by the Public Employe Relations Act[4] does not

---

3. Once a plaintiff makes out a prima facie case of discrimination, the burden shifts to the employer to articulate some non-discriminatory reason for the challenged action. At that point, the plaintiff has the burden of showing the proffered justification is a pretext; that burden merges with plaintiff's ultimate burden of showing intentional discrimination. *Lewis,* 725 F.2d at 915.

4. Even if collateral estoppel effect were given to the PLRB's findings, it would not preclude plaintiffs from recovering. *Barnes v. McDowell,* 647 F.Supp. 1307, 1311 (E.D.Ky.1986). The PLRB found only that the discharge did not result from engaging in activity protected by PERA. It did not find, nor was it authorized to find, that race or national origin were not motivational factors. To prevail here, plaintiffs

entitle defendants to summary judgment by collateral estoppel.

■ However, the issues raised by Count II are identical to those litigated before and decided by the PLRB. According to Count II, plaintiffs were discharged for filing grievances under the collective bargaining agreement. That allegation is the premise of the unfair labor practice charge. Count II also contains an allegation that plaintiffs were discharged for filing complaints with government agencies and criticising the University's standards for minority educational programs. The PLRB examiner assumed these activities to be protected by the Public Employe Relations Act, *see supra* note 2, and found them to be unrelated to defendants' decision to terminate the advisors. In order to prevail, plaintiffs would have to show that these activities were motivational. *See Johnson v. Lincoln University*, 776 F.2d 443, 454 (3d Cir.1985).

The AAUP brought the action before the PLRB on plaintiffs' behalf. Under Pennsylvania law, a union prosecuting an action on behalf of its members is deemed to be in privity with them for purposes of collateral estoppel, even though plaintiffs themselves were not parties to the action. *Schultz v. City of Philadelphia*, 314 Pa.Super 194, 460 A.2d 833 (1983). This satisfies the third requirement of collateral estoppel. Plaintiffs' assertions of a divergence of interest between themselves and the union do not take this case outside the *Schultz* rule. Moreover, plaintiffs actively participated in the PLRB proceeding.

PLRB procedures appear to provide a full and fair opportunity to litigate contested issues, and there is no contention to the contrary. The finality of the PLRB decision is also uncontested.

All the requirements of collateral estoppel having been met, the PLRB's findings must be given preclusive effect with respect to Count II of the complaint. Those findings entitle defendants to judgment on Count II as a matter of law. Fed.R.Civ.P. 56(b).

---

need only show that race or national origin was a but for cause of the discharges. They need not prove it was the sole factor. *Lewis,* 725 F.2d at 917. There can be two or more substantial factors responsible for a discharge. Even if legitimate, non-discriminatory reasons were a substantial factor, the plaintiffs could prevail by showing race or national origin to have been a substantial factor as well. *Id.* at 917 n. 8. If the

PLRB found that legitimate educational reasons were the sole basis for the discharge, that finding would not be entitled to preclusive effect because it is not essential to a determination of an unlawful retaliation claim. *See In Re Jones & Laughlin Steel Corp.,* 328 Pa.Super. 442, 455, 477 A.2d 527, 533 (1984); *Schubach,* 461 Pa. at 377, 336 A.2d at 333.