In re Sheila WESTBROOK, Debtor.

Sheila WESTBROOK, Plaintiff,

v.

PHILADELPHIA HOUSING AUTHORITY, Sharon M. Bembery, Phyllis Ford, Holland Brown, John Paone, and Kenneth E. Carobus, Trustee, Defendants.

Bankruptcy No. 90–13436S.
Adv. No. 90–0925S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 5, 1991.

Michael Donahue, Philadelphia, Pa., for debtor.

Kenneth F. Carobus, Philadelphia, Pa., defendant trustee.

Keith R. Pavlack, Philadelphia, Pa., for Housing Authority defendants.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

Before us is a Motion of Defendants PHILADELPHIA HOUSING AUTHORITY, SHARON M. BEMBERY, PHYLLIS FORD, HOLLAND BROWN, and JOHN PAONE (hereinafter collectively referred to as "the PHA") seeking to dismiss the Complaint of the Plaintiff–Debtor, SHEILA WESTBROOK ("the Debtor"), under Bankruptcy Rule ("B.Rule") 7012(b) and Federal Rule of Civil Procedure 12(b) on the ground of *res judicata* arising from a prior administrative decision adverse to the Debtor. Finding that *res judicata* applies and bars the instant action, we are compelled to grant the Motion.

On August 21, 1990, the Debtor filed the individual Chapter 7 case underlying this proceeding. The proceeding itself was not filed, however, until December 4, 1990. The Complaint alleges that, in 1989, the PHA improperly terminated the Debtor from eligibility in the "Section 8 Rental Assistance Program," 42 U.S.C. § 1437f ("the Section 8 Program" or "Section 8"), which it administers, because of its allegedly erroneous determination that she was implicated in a fraud upon the PHA by her sister Rosemary. After the Debtor obtained a Section 8 unit from the PHA, Rosemary pretended that she was the Debtor in order to make use of a letter to the Debtor indicating that her application for conventional public housing from the PHA had been reached for consideration. As a result, PHA records showed that the Debtor impermissibly had a Section 8 unit and conventional unit simultaneously from 1985 through 1989.

Several years before the incidents in issue, on November 26, 1982, the Honorable Clifford Scott Green of the local district court approved a Stipulation in *Henderson v. Morrone,* C.A. No. 79–4190 (E.D.Pa.), a

civil class action suit, challenging the PHA's failure to provide an administrative hearing to parties terminated from the Section 8 program. In that Stipulation, the procedures to be followed in such hearings were spelled out in detail. The Stipulation provides as follows regarding any appeal from a decision in such an administrative hearing:

10. The decision of the hearing officer shall go into effect immediately after the issuance of the decision in writing. A tenant may appeal from the decision within thirty (30) days after insurance of said decision. The appeal shall be governed by the provisions of the Pennsylvania Local Agency Law, 2 Pa. C.S.A. §§ 751–754....

The Debtor requested and was granted a *Henderson* hearing on September 6, 1989. She was apparently unsuccessful at that hearing, because thereafter she filed a civil action in federal district court, *Westbrook v. Philadelphia Housing Authority*, C.A. No. 90–0156, challenging the apparent failure of the PHA to allow her to be represented by counsel in that proceeding. On February 22, 1990, the Honorable Joseph S. Lord, III, of the district court approved a Stipulation reinstating the Debtor's Section 8 benefits pending the outcome of a rescheduled administrative hearing at which the Debtor could be represented by counsel.

The rehearing was conducted on March 14, 1990. On May 25, 1990, the hearing officer, PHA's Special Projects Director, issued "Informal Hearing—Decision" ("the Decision"), again affirming the termination of the Debtor's Section 8 benefits. The Debtor, although represented by counsel at the second hearing, provides no explanation as to why she did not appeal this decision under the procedure set forth in *Henderson*. Instead, 6½ months later, she filed the instant proceeding.

On January 4, 1991, the PHA filed a Motion seeking to not only dismiss this proceeding, but, in the alternative, for this court to abstain from hearing it. Since trial of the proceeding was scheduled on January 24, 1991, we entered an Order of January 11, 1991, the same day we learned of the existence of the Motion, requiring the parties to file and serve Briefs addressing the Motion on or before January 16, 1991 (the PHA), and January 22, 1991 (the Debtor). In that Order, we strongly suggested that the PHA rethink its alternative request that we abstain.[1]

The PHA apparently took this suggestion to heart, because, with its Brief, it submitted a substituted Motion which eliminated the alternative demand for abstention. We therefore consider the abstention aspect of the original Motion to be withdrawn.

The parties continued the trial of January 24, 1991, until February 7, 1991. We also note that PHA belatedly served its Brief upon the court and the Debtor's counsel, prompting the Debtor to seek and be accorded an extension until January 28, 1991, to file her reply.

By requesting in her Complaint that this court grant relief to her and enter an order denying the PHA's Motion to Dismiss, we deduce that the Plaintiff either contends that this is a core proceeding, or, if it is non-core, consents to our determining it. The PHA, praying that this court shall grant its Motion to Dismiss, appears to either concur that this matter is core or likewise consent to our determining the Motion. We will therefore proceed to determine this Motion. *See In re St. Mary Hospital,* 117 B.R. 125, 131 (Bankr.E.D.Pa. 1990). *But cf. In re Fleet,* 103 B.R. 578, 587 n. 5 (E.D.Pa.1989) (in the absence of consent, a bankruptcy court cannot enter a final order in a dispositive decision on a pretrial motion in a non-core proceeding).

1. Our suggestion was partially based upon our belief that, as to that aspect of the motion requesting abstention, it would have been necessary for us to file a report and recommendations to the district court, pursuant to B.Rules 5011(b) and 9033(b), and for the district court to sign the final order. However, on December 1, 1990, § 309 of the Judicial Improvements Act of 1990 P.L. 101–650, became effective, allowing bankruptcy judges to enter final orders in motions requesting abstention.

In deciding whether a federal court should apply principles of *res judicata* as to a decision resulting from a state-law proceeding, this court must apply the law of the adjudicating state, *i.e.*, in this case, Pennsylvania. *See, e.g., Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062, 1065 (3d Cir.1991); *Kelley v. TYK Refractories Co.*, 860 F.2d 1188, 1192–93 (3d Cir. 1988); and *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir.1988). As the Court of Appeals held in *Gregory, id.*,

> Pennsylvania requires a concurrence of four conditions before claim preclusion can apply. The two actions must share an identity of the (1) thing sued on; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or sued. *Duquesne Slag Products Co. v. Lench*, 490 Pa. 102, 105, 415 A.2d 53, 56 (1980); *Bearoff v. Bearoff [Bros., Inc.]*, 458 Pa. 494, 497, 327 A.2d 72, 74 (1974). *See also Harris v. Pernsley*, 755 F.2d 338, 342 (3d Cir.), *cert. denied*, 474 U.S. 965, 106 S.Ct. 331, 88 L.Ed.2d 314 (1985); *Davis [v. United States Steel Supply]*, 688 F.2d [166,] at 170 [ (3d Cir.1982) (in banc), *cert. denied*, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983) ].

A comparison of the administrative Decision by the PHA and the Debtor's Complaint in this proceeding indicates that all of the four conditions recited in *Gregory* are clearly present. The "thing sued on" in both was the Debtor's right to remain in Section 8 housing. The "cause of action" is the common claim that the PHA's actions violated the Debtor's federal rights as a participant in the Section 8 program. Except for the inclusion of Defendant KENNETH F. CAROBUS, the Interim Trustee, as a nominal party, the "persons and parties" or privities thereto are the same. The "quality or capacity" of the identical party plaintiff is the same. Then, as now, the Debtor is vigorously striving to retain her valuable Section 8 housing privileges.

However, the Decision from which preclusive effect is sought was adduced as a result of an administrative rather than a judicial proceeding. The PHA acknowledges some difficulty with this application of *res judicata* when it states that

> [r]es judicata does not generally apply to the orders of administrative agencies, though administrative decisions with adequate opportunity for judicial review may in some instances possess the conclusive qualities of judgments as required for the doctrine of res judicata.

Defendants, Philadelphia Housing Authority, Sharon M. Bembery, Phyllis Ford, Holland Brown, and John Paone's Memorandum in Support of Its Brief [sic] to Dismiss, at 4.

We think that the PHA has understated, to its own disadvantage, the vitality of the application of preclusive *res judicata* principles from administrative determinations under applicable Pennsylvania law. As was observed in *Frederick v. American Hardware Supply Co.*, 384 Pa.Super. 72, 74–75, 557 A.2d 779, 780, *allocatur denied*, 523 Pa. 636, 565 A.2d 445 (1989),

> the application of the principle of collateral estoppel is not precluded merely because administrative proceedings are involved. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the court will not hesitate to apply res judicata principles. *Philadelphia Elec. Co. v. Borough of Lansdale*, 283 Pa.Super. 378, 424 A.2d 514, 521 (1981), *citing, United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966).

*See also, e.g., Kelley, supra*, 860 F.2d at 1193; *Facchiano v. United States Dep't of Labor*, 859 F.2d 1163, 1167 (3d Cir.1988); *Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n*, 721 F.Supp. 710, 715 (M.D.Pa.1989); *Stokes v. Board of Trustees of Temple University*, 683 F.Supp. 498, 500 (E.D.Pa.1988); *Jost v. Phoenixville Area School District*, 119 Pa. Cmwlth. 477, 480, 483–84, 547 A.2d 830,

831, 833 (1988), *allocatur denied,* 524 Pa. 613, 569 A.2d 1371 (1989); and *City of Philadelphia v. Lindy,* 71 Pa.Cmwlth. 515, 519, 455 A.2d 278, 280 (1983).

■ It is clear that the Decision was rendered by a hearing officer acting in a judicial capacity and resolved disputed issues of fact in a manner which would preclude the Debtor from succeeding in her instant proceeding. The Debtor contends, however, that she was deprived of an "adequate opportunity to litigate" her cause before the PHA because she allegedly had no opportunity to subpoena witnesses on her behalf. She asserts that, had she been accorded such a right, she would have been able to call a witness from the welfare department to reinforce the testimony of Rosemary that it was she rather than the Debtor who provided Rosemary's public housing address to the welfare department. The Decision recites, as one of its bases for disbelieving the Debtor's lack of complicity in Rosemary's fraud, that the Debtor, rather than Rosemary, provided Rosemary's conventional public housing address to the welfare department.

We cannot accept this purported deficiency in the administrative process as a basis for refusing to accord the Decision preclusive *res judicata* effect for several reasons. Firstly, the Debtor, in her Answer and Brief in response to the PHA's Motion to Dismiss, is vague about the manner in which the Debtor was purportedly deprived of her right to subpoena a witness on her behalf. Certainly, she had and exercised a right to call witnesses, as she and Rosemary testified at the hearing. It is not clear that she requested a subpoena of the witness. It is not clear that the hearing officer denied such a request. It may well be that the Debtor merely assumed that she could not subpoena any witnesses and failed to do so.

Secondly, the administrative procedures were clearly not so deficient as in those cases in which courts have declined to accord administrative decisions *res judicata* effect. *Pearson v. Williams,* 202 U.S. 281, 285, 26 S.Ct. 608, 610, 50 L.Ed. 1029 (1906), the only case cited by the Debtor, concerned a decision by an immigration commission that was based on an immediate determination "upon such evidence as is at hand or is readily accessible." *See also City of Pompano Beach v. Federal Aviation Adm'n,* 774 F.2d 1529, 1539 n. 10 (11th Cir.1985) (proceeding did not include any live testimony or opportunity for cross-examination); *Student Public Interest Research Group of New Jersey, Inc. v. Fritzsche, Dodge & Olcott, Inc.,* 759 F.2d 1131, 1135-37 (3d Cir.1985) (enforcement proceeding was not open to the public); and *Parker v. National Corp. for Housing Partnerships,* 619 F.Supp. 1061, 1065 (D.D. C.1985) (only the essential elements of a judicial proceeding are required in an administrative proceeding accorded preclusive effect, such as adequate notice, right to present and rebut evidence, and receipt of a final decision). The alleged deficiencies in the PHA's procedure simply do not rise to the level of the deficiencies which have prompted courts to decline to give agency determinations preclusive *res judicata* effect.

Thirdly, had the Debtor availed herself of the appeal available to her under state local agency law, as contemplated by paragraph 10 of the *Henderson* Stipulation quoted at pages 729-730 *supra,* any alleged deficiency in the administrative record could have been cured. Pennsylvania local agency law contemplates that, if something less than a "full and complete record" is made by the administrative agency, the state court reviewing the decision may hear the matter de novo or remand the proceeding to the administrative body to cure the deficiencies. 2 Pa.C.S. § 754(a). *Compare Gregory, supra,* 843 F.2d at 114-15 (plaintiff's assertion of bias of one administrative decision-maker was presented to the state court, but the decision of state-court rejecting this contention was given *res judicata* effect).

It disturbs us to observe that the Debtor failed to take advantage of the state-law process to review the PHA's administrative decision and attempted instead to ignore any effect of that decision by proceeding anew in this court. Certainly, this decision to forego the state procedure was made

voluntarily, knowingly, and intelligently at a time when the Debtor was represented by counsel who was acting most vigorously on her behalf. It must be recalled that, prior to the rendering of the instant administrative Decision from which *res judicata* allegedly flows, the Debtor had been accorded a previous hearing, in which she apparently was also unsuccessful, and she had previously sued the PHA in a separate federal lawsuit regarding the deficiencies in the procedures utilized by the PHA in that proceeding. The Debtor fails to explain why she could not and did not resort to the state appeals process in timely fashion or at least to the federal courts once again in a reasonably timely fashion to further contest the PHA's administrative Decision. Here, we have a proceeding initiated 6½ months after the Decision and over three months after the Debtor filed her bankruptcy in this court. Such a course of conduct appears to us to be consistent with a waiver of any procedural deficiencies in the PHA's administrative process.

For all of these reasons, this court must not hesitate in applying *res judicata* principles to preclude another relitigation of the series of decisions adverse to the Debtor. Therefore, we will enter an Order granting the PHA's Motion to Dismiss this proceeding.