Fraternal Order of Police, Philadelphia Lodge No. 5, Appellant *v.* Frank L. Rizzo, Mayor of the City of Philadelphia et al., Appellees.

Submitted on briefs June 7, 1982, to Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Jonathan Walters, Kirschner, Walters & Willig,* for appellant.

*Alan J. Davis, City Solicitor,* with him *Jill A. Douthett,* Deputy City Solicitor, and *D. Rae Scott-Jones,* Assistant City Solicitor, for appellees.

Opinion by Judge Blatt, September 2, 1982:

The appellant, the Fraternal Order of Police, Philadelphia Lodge No. 5 (FOP), appeals from an order of the Court of Common Pleas of Philadelphia County denying its request for mandamus.

The court below found that civil service regulations were implemented in 1957 providing that Philadelphia city employees whose annual salaries were higher than a certain rate were not entitled to extra pay for overtime work but that they could accumu-

late up to 120 hours of compensatory time off. Philadelphia Civil Service Regulations 6.1132-6.11322. In 1964, however, a Police Department directive was amended to provide that policemen of the rank of lieutenant and above could accrue up to 600 hours of compensatory time. In the following year the conflict between these two provisions was resolved through an agreement between the City of Philadelphia and the Police Department to allow accumulation of up to 600 hours of compensatory time but to recognize only 120 of those hours when computing terminal leave payments and pension benefits at the time an officer left the force.

Up until 1971, all police personnel worked a 42-hour week. In that year an arbitration award was handed down providing in part:

> *Request 9:* All employees shall enjoy a forty hour work week.
>
> *Award:*
>
> 1. Commencing July 1, 1971, all hours of overtime worked by an employee (below the rank of Captain), in excess of eight hours per day, or in excess of forty (40) hours per week, shall be paid at the rate of one and one-half times the regular rate of pay.
>
> 2. Compensatory time for the rank of Captain and above shall be determined on the basis of a forty hour week.

In 1977, the FOP sought arbitration of a claim that Philadelphia, through the officials who are here the appellees[1] had breached the obligations of the 1971

---

[1] Frank L. Rizzo, Hillel S. Levinson and Joseph F. O'Neill, who at the time of the institution of this action held the following positions respectively: Mayor, Managing Director and Commissioner of the Police Department.

arbitration award. The appellees then sought to enjoin implementation of the requested arbitration and the parties subsequently reached a compromise in which pursuit of the proposed arbitration was to be postponed while the FOP filed a complaint in mandamus in the common pleas court, the disposition of which is presently before us. Preliminary objections were filed and dismissed below, evidence was taken, and findings, as previously outlined, were made.[2] The court below concluded that the 1971 arbitration award was intended only to reduce the number of regular hours in a work week for police personnel from 42 to 40 and that it did not alter the amount of compensatory time which could be accumulated. The mandamus action was dismissed and this appeal followed.

The FOP maintains that the appellees had a duty under the 1971 award to permit police officers of the rank of captain and above to accumulate an unlimited number of compensatory hours. It argues that, if paragraph two of the award is read in conjunction with paragraph one, it becomes apparent that compensatory time must be permitted for *all* hours of overtime worked and police should not be limited by the provisions of the civil service regulations or the Police Department directive.[3]

---

[2] The matter was heard and the record originally made before the Honorable G. FRED DiBONA but following his untimely death the case was transferred to Judge LOIS G. FORER, who, upon consent of the parties, made her findings of fact and reached her decision based upon the then existing record and the stipulations of the parties. None of those findings are challenged here.

[3] If an arbitration award conflicts with civil service regulations, the award takes precedence and the regulations must be overruled. *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).

As the court below noted, however, the 1971 arbitration award clearly dealt only with the number of hours which would constitute a regular work week for police employees and ordered that this number be reduced from 42 to 40. It did not purport to change the number of compensatory hours which could be accumulated, but only changed the point at which overtime would begin. In fact, the employees' request number 9 only asked for a forty-hour work week and clearly did not address itself at all to any change in the existing limitation on accumulation of compensatory time.

Moreover, the words of paragraph one referring to "all hours of overtime worked" should not be applied to paragraph two. The arbitrator recognized that computations of overtime for the two classes of employees—those below the rank of Captain and those who held that rank or higher—were accomplished in totally different ways, and the award reflects this distinction. The arbitrator was aware of the applicable civil service regulations, and even acknowledged that such regulations were controlling, in denying the employees' request for payment for compensatory time:

*Request 20:* All employees above the rank of Sergeant shall be paid immediately for all compensatory time to which they are entitled.

*Award:* Request is denied. This item is controlled by Civil Service Regulation 6.1132.

We believe that the court below correctly refused to grant an order in mandamus, and we will affirm its decision.

### ORDER

AND Now, this 2nd day of September, 1982, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.