460 A.2d 833

**Howard SCHULTZ, Robert Kopsitz and Charles P. Ditimer, Appellants,**

v.

**CITY OF PHILADELPHIA.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1983.

Filed May 20, 1983.

Gilbert E. Toll, Philadelphia, for appellants.

Ralph J. Teti, Philadelphia, for appellee.

Before SPAETH, BECK and JOHNSON, JJ.

BECK, Judge:

In this appeal, three retired Philadelphia police officers, Howard Schultz, Robert P. Kopsitz and Charles Dittmer, are appealing from the lower court's sustaining of Preliminary Objections by appellee, the City of Philadelphia, to the suit in assumpsit brought by the officers against the city.

▇ Initially we note that an order sustaining Preliminary Objections is a final order and appealable under 42 Pa.C.S. § 742, so that jurisdiction of this Court is established on these grounds. Nevertheless, 42 Pa.C.S. 762(a)(4) confers exclusive appellate jurisdiction in the Commonwealth Court for civil matters arising under any municipality. Since no objection has been filed to our jurisdiction, Pa.R.Appel.P. 741(a) operates to perfect the jurisdiction of this Court, and Pa.R.Appel.P. 752 confers discretion upon us to hear the appeal or to transfer it. *Commonwealth v. Sensi*, 287 Pa.Super. 452, 430 A.2d 691 (1981), *Jost v. Phoenixville Area School District*, 267 Pa.Super. 461, 406 A.2d 1133

(1979). In this case, in the interest of judicial economy, we exercise our discretion to resolve the issues on appeal in this tribunal.

Appellants allege that the Police Department of the City of Philadelphia required them to work overtime hours, in excess of their regular work week. Up until 1964, the City of Philadelphia elected either to pay them for their overtime hours or to give them compensatory time, i.e. time off with pay, on an hour for hour basis. In June 1965 the city adopted certain civil service regulations which limited the amount of compensatory time which appellants could accumulate to 120 hours maximum. Despite the new regulations, the city required the officers to work overtime, so that each accumulated 600 hours of compensatory time. When appellants retired, the city refused to pay them for compensatory time exceeding 120 hour limitation, even though some of that compensatory time was accumulated prior to the effective date of the new regulations, i.e. June 4, 1969.

When the suit in assumpsit was initiated [1], the city filed Preliminary Objections alleging that the suit was barred under the doctrine of lis pendens. They claimed that *Fraternal Order of Police v. Rizzo et al.*, September Term 1977, no 3922 was in progress and that its results would determine the rights of the parties in the action brought by the three officers. The court sustained the Preliminary Objections on the grounds that the parties, the rights asserted, and the relief sought were the same in both cases. *Commonwealth ex rel. Lindsley v. Robinson*, 30 Commw. 96, 372 A.2d 1258 (1977).

Between the time that the lower court sustained appellee's Preliminary Objections and the present, the pending suit has been tried and appealed. The Court of Common Pleas, Philadelphia County, found for Rizzo, and the Com-

---

1. Appellants seek to recover the following amounts, claiming compensation earned plus interest:

| | |
|---|---|
| Howard Schultz | $ 7,132.80 |
| Robert P. Kopsitz | $13,348.28 |
| Charles P. Dittmer | $ 7,100.16 |

monwealth Court affirmed. *Fraternal Order of Police v. Rizzo et al.*, 68 Commw. 560, 449 A.2d 860 (1982). Appellees now argue that although the appeal is technically moot (insofar as the other action is no longer pending) it is efficient to resolve the issues of the appeal on the grounds of res judicata, and we agree.

The doctrine of res judicata holds that a final judgment on the merits is conclusive of the rights of the parties and bars subsequent action on the same claim or cause of action. The rule expedites results of litigation, establishes finality, and protects parties from vexatious, repetitious litigation. *Exner v. Exner*, 268 Pa.Super. 253, 407 A.2d 1342 (1979). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Notoro v. Estate of Hyer*, 239 Pa.Super. 10, 361 A.2d 766 (1976).

The law of this Commonwealth dictates that the application of res judicata requires a concurrence of four conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Dunham v. Temple University, etc.*, 288 Pa.Super. 522, 432 A.2d 993 (1981), *Bearoff v. Bearoff Bros. Inc.*, 458 Pa. 494, 327 A.2d 72 (1974).

The case upon which appellee relies for the application of res judicata *Fraternal Order of Police v. Rizzo, supra,* meets the criteria established by the law. Because of some of the facts are different in the two suits, we examine *Rizzo* in some detail in order to explicate the essential similarity.

In *Rizzo*, the issue was whether three city officials, Frank L. Rizzo, Mayor, Hillel S. Levinson, Managing Director, and Joseph F. O'Neill, Commissioner of the Police Department, had breached the 1971 arbitration award affecting the rights of policemen employed by the city. The trial court in *Rizzo* found that 1957 Civil Service regulations imposed a maximum of 120 hours of compensatory time for all city employees whose annual salary was above a certain rate.

In 1964, a Police Department directive amended the regulations so that policemen above the rank of lieutenant could accrue up to 600 hours of compensatory time, but recognized only 120 of those hours at the policeman's retirement, when terminal leave and pension benefits were calculated.

Until 1971, all police personnel worked a forty-two hour week. The arbitration award of 1971, the interpretation of which was the principal issue in *Rizzo*, provided in part:

**Request 9:** All employees shall enjoy a forty hour work week.

**Award:**

1. Commencing July 1, 1971, all hours of overtime worked by an employee (below the rank of Captain), in excess of eight hours per day, or in excess of forty (40) hours per week, shall be paid at the rate of one and one-half times the regular rate of pay.

2. Compensatory time for the rank of Captain and above shall be determined on the basis of a forty hour week.

In 1977, the F.O.P. sought arbitration of a claim that the city had breached the 1971 arbitration award. The parties agreed to postpone the requested arbitration while the F.O.P. filed a complaint in mandamus relating to the overtime claim. The trial court concluded that the 1971 arbitration award was intended only to reduce the number of regular hours in a work week for various ranks, and did not alter the amount of compensatory time that could be accumulated. The award changed the point at which the calculation of overtime began, but it did not change the total number of hours that an individual could accumulate as compensatory time. In other words, the Court of Common Pleas in the 1977 suit determined that the 1965 Civil Service regulations remained in effect, unchanged by the 1971 award. The mandamus action for overtime pay was therefore dismissed, and the Commonwealth Court affirmed the dismissal.

The appellate opinion makes clear that ordinarily when an arbitration award conflicts with Civil Service regulations,

the regulations must be overruled. *Washington Arbitration Case*, 436 Pa. 168, 259 A.2d 437 (1969). In the 1971 arbitration award, however, the arbitrator was fully aware of the applicable Civil Service regulations, and acknowledged that the regulations, in this instance, were controlling:

> **Request 20:** All employees above the rank of Sergeant shall be paid immediately for all compensatory time to which they are entitled.
>
> **Award:** Request is denied. This item is controlled by Civil Service Regulation 6.1132.

 We now come to the question before the Court in this appeal: Is the claim of these appellants res judicata by the holding in *Rizzo?* We believe that it is.

*The identity of the thing sued for:*

The F.O.P. in *Rizzo* and appellants sued for monetary compensation for overtime accrued. The relief sought is the same in both cases.

*The identity of the parties:*

Appellants argue that they are not included in the suit brought by the F.O.P. because the F.O.P. did not comply with Pa.R.C.P. 1701 *et seq.,* the Class Action rules, which became effective September 1, 1977, prior to the initiation of their suit on September 29, 1977. This argument ignores the essential role of the F.O.P. as a collective bargaining representative of the police who are employed by the City of Philadelphia, as found by the court below. Each of the three appellants is a member of the F.O.P. In the instant case, appellants have sued the City of Philadelphia. The F.O.P. sued three individuals who were all clearly representatives and agents of the city. We therefore hold that the parties were identical in both actions.

*Identity of quality or capacity of the parties:*

The F.O.P. in *Rizzo* sued on behalf of all retired police officers. Appellants sue on their own behalf as retired police officers. We hold that there is identity of quality or capacity.

*Identity of Cause of Action:*

Although there are factual differences which distinguish the claims of the two suits, we hold that in essence the causes of action are also the same, so that the instant appeal is barred by the former. We agree with the lower court that the difference between the mandamus action in *Rizzo* and the contract action brought by appellants is not significant. Both claims arise from the city's nonpayment of accumulated compensatory time, and in both cases the city defends the nonpayment on the basis of controlling civil service regulations which impose a ceiling on the amount of time that can be accumulated with compensation, and the amount that can be claimed upon retirement.

Other factual variations must still be explained. The F.O.P. in *Rizzo* grounded its claim on its interpretation of the arbitration award of 1971 (request 9). The Commonwealth Court held that item 9 did not itemize their maximum compensatory time, but that the maximum was determined by the civil service regulations of 1965 (request 20), which allowed accumulation of time up to 600 hours, but recognized only 120 hours in computing terminal leave and pensions. Appellants sue upon the regulations of 1969 which, they allege, imposed a maximum of 120 hours (whereas the 1965 regulations allowed 600 hours in the pre-retirement years). Appellants further urge that they earned and accumulated compensatory time in excess of 120 hours before the 1969 regulations went into effect (Complaint, # 10). Nevertheless, appellants did not sue for salary earned but not compensated for as of 1969, nor can they do so today. Such a claim is barred by the six year statute of limitations for assumpsit actions.[2] The policy reflected in res judicata, providing repose from vexatious litigation, is also reflected in the statute of limitations, which places a bar upon stale claims. The current suit is, of course, brought by the three appellants upon their retirement. This circumstance, we hold, makes their claim determined

2. 12 P.S. § 31 (now 42 Pa.C.S. 5527).

by the holding in *Rizzo*, which establishes that the civil service regulations imposing a 120 hour maximum in the case of retirement pay prevail over conflicting agreements concerning working hours and compensation. We therefore conclude that the issue of whether appellants, as retired police officers, are entitled to compensation for accumulated time in excess of 120 hours earned before 1969 has been determined in *Rizzo*, and appellants are not entitled to a trial on the merits on this issue.

The order of the lower court sustaining appellee's Preliminary Objections is affirmed.

JOHNSON, J., concurs in the result.

SPAETH, J., did not participate in the consideration or decision of this case.