548 A.2d 594

**Althea OSWALD, Executrix of the Estate of Arthur F. Unangst, Deceased and Althea Oswald, Individually and on Behalf of all Other Survivors of Arthur F. Unangst, Appellant,**

**v.**

**Cynthia L. HAUSMAN, Elva E. Hausman, Herbert F. Hausman, Ronald Werley, Lillian Werley, Ralph H. Kressley, Pauline A. Kressley and Lowhill Township, Appellees.**

Superior Court of Pennsylvania.

Argued April 26, 1988.

Filed Oct. 4, 1988.

Richard P. Focht, Allentown, for appellant.

John W. Ashley, Allentown, for Werley, appellee.

Mark S. Sigmon, Bethlehem, for Kressley, appellee.

Denise G. Ryan, Orefield, for Lowhill, appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

At or about 4:30 p.m. on January 28, 1984, Arthur Unangst, age 74, arose from his rocking chair, left his home in Allentown, and went for a drive through rural Lehigh County. He did not return to his home that night and was reported missing on the following day by the female companion who shared his home. Unangst was found dead on January 31, 1984. His death had been caused by hypothermia. He had frozen to death as he sat behind the wheel of his car on the snow-covered, unpaved portion of a private driveway leading from Legislative Route 39048 in Lowhill Township, Lehigh County, to a farmhouse. Apparently, the vehicle had been immobilized by ice and snow, and Unangst had been unable to extricate it. For reasons which do not clearly appear, but possibly because of poor respiratory health, Unangst elected to remain in his automobile rather than walk an approximate city block to a nearby home.

Althea Oswald, the executrix of Unangst's estate, commenced wrongful death and survival actions against Lowhill Township and various property owners whose lands abutted the private roadway or who had an interest therein. She alleged generally that the roadway had been maintained negligently and specifically that the private roadway had been inadequately marked to inform motorists of a dangerous condition which had been created by the snow-covered driveway.

The private roadway was paved for a short distance after leading away from the township road with which it intersected. The paved part of the private roadway was 33 feet in width, and all snow had been removed therefrom by plowing. Lillian Werley and Elva and Herbert Hausman owned lands adjacent to the paved and snow-free portion of the private road. They also had an easement over the entire length of the road. Cynthia Hausman owned the land at the end of the paved roadway. Here, the roadway became a dirt road which narrowed gradually to a twelve (12') feet wide lane as it crossed her land to the farm of Ralph and Pauline Kressley, who also had a right of way over the entire roadway. These parties were named as

defendants in the instant action. Also named as a defendant was Ronald Werley, who resided elsewhere, but who allegedly owned an undivided one-half (½) interest, together with his sister, Elva Hausman, in the fee underlying the roadway.[1] There was no evidence of an express agreement among the various abutting land owners regarding the duty of maintaining the private roadway. The paved portion had been blacktopped during the 1960s by Clayton Werley, who had been the common grantor, and had been repaved by him and also by Lillian Werley. There were no warning signs to alert travelers that the roadway was private or that the roadway had no outlet. However, there was a "No Trespassing" sign which had been posted at the end of the paved portion of the roadway on property owned by Cynthia Hausman.

The trial court entered summary judgment in favor of all defendants; and the plaintiff appealed.

The law pertaining to summary judgments was stated in *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984) as follows:

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmer-*

---

1. Not named as parties were Harold Wenner, whose property abutted the paved portion of the roadway and who had voluntarily removed the snow from the paved portion of the roadway, and David Drummer, who was the tenant who occupied Cynthia Hausman's property and who, allegedly, was responsible for clearing the snow from the roadway over that property.

*man*, 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus*, *supra*, 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester*, 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977).

*Id.*, 328 Pa.Superior Ct. at 140–141, 476 A.2d at 930–931.

■ Lowhill Township did not have a duty to maintain the private roadway or post warning signs with respect thereto. Even if such a duty could be said to exist, the township nevertheless would be immune from liability by virtue of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541. Contrary to appellant's contention, the exception to governmental immunity pertaining to traffic control signals under the care, custody, or control of a political subdivision, as set forth in 42 Pa.C.S. § 8542(b)(4), is inapplicable. See: *Mindala v. American Motors Corp.*, 90 Pa.Commw. 366, 495 A.2d 644 (1985), *aff'd*, *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988); *Rinaldi v. Giblin*, 70 Pa.Commw. 253, 452 A.2d 1126 (1982). Under the present law, no other exception to immunity is applicable. We conclude, therefore, that the trial court did not err by granting summary judgment in favor of Lowhill Township.[2]

■ It is also quite evident under present law that the trial court correctly entered summary judgment in favor of

2. None of the parties to this appeal have objected to the jurisdiction of the Superior Court on grounds that issues of governmental immunity are more properly taken to the Commonwealth Court. See: 42 Pa.C.S. § 762(a)(7). Therefore, our jurisdiction has been perfected, and we may proceed to decide the case ourselves. See: Pa.R.App.P. 741(a); *Overstreet v. Borough Of Yeadon*, 327 Pa.Super. 291, 475 A.2d 803 (1984); *Schultz v. City of Philadelphia*, 314 Pa.Super. 194, 460 A.2d 833 (1983); *Jost v. Phoenixville Area School District*, 267 Pa.Super. 461,

Ronald Werley, whose only connection with this litigation was his alleged ownership of a one-half interest in the fee underlying the private roadway in question. "Liability for negligence does not depend on title, and ... the owner of land will not be held liable for a defective condition therein which arises while he is neither in possession nor control thereof; liability for maintenance of the land follows its possession and control, regardless of title." 27 P.L.E. Negligence § 58. Here, the possession and right of control were in the persons who had a right of way over the roadway and whose land abutted thereon. In the absence of an agreement to the contrary, there was no duty on Ronald Werley, the absent alleged co-owner of the underlying fee, to maintain the surface of the roadway.

■ With respect to a private right of way over which an abutting property owner enjoys an easement, it is generally the owner of the dominant estate which has the duty to perform necessary maintenance and repair. Where there are multiple owners of an easement, however, the general rule is that, in the absence of a contrary agreement, each owner is responsible for the maintenance and repair of the portion of the private right of way which abuts his or her land. See: *Mscisz v. Russell*, 338 Pa.Super. 38, 487 A.2d 839 (1984); *Borgel v. Hoffman*, 219 Pa.Super. 260, 280 A.2d 608 (1971).

In the instant case, there was no agreement which imposed upon each owner of the dominant tenement a duty to maintain the entire right of way. Therefore, each landowner had a duty to maintain only the portion of the right of way which abutted his or her land. See: *Mscisz v. Russell, supra; Borgel v. Hoffman, supra.* With respect to the owners whose lands abutted the paved portion of the roadway, there has been neither averment nor evidence that

406 A.2d 1133 (1979). It is especially appropriate for us to retain jurisdiction in the instant case because the issue of immunity is but a single issue concerning one party in a complicated case with many issues and multiple parties. Moreover, our decision of this issue rests upon precedent and will not conflict with other decisions of the Commonwealth Court.

they negligently maintained the paved portion of the roadway. This portion of the roadway had been cleared of ice and snow and did not contribute to the decedent's predicament. To impose upon them nevertheless a duty to warn that a possible danger existed on another part of the roadway, further along and on a more remote part of the easement, "would be most unreasonable, inconvenient, and inequitable." *Id.*, 219 Pa.Superior Ct. at 265, 280 A.2d at 610.

Appellant relies upon and argues that we should adopt Section 367 of the Restatement (Second) of Torts, which provides as follows:

> A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for physical harm caused to them, while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel.

However, even if we were to adopt this section of the Restatement as a part of the law of this Commonwealth, it would not establish a basis for imposing liability on Lillian Werley and Elva and Herbert Hausman. The Restatement rule, as the comment to section 367 makes clear, imposes upon one who has misled others into believing that a part of his premises is a public highway a duty of using care to provide "security similar to that which [others] would be entitled to expect were the land actually a highway." Restatement (Second) of Torts § 367, comment a. However, it does not impose absolute liability. In the instant case, the owners and possessors of the land abutting the paved roadway had complied with the duty which the law imposed upon them. The roadway abutting their properties, as appellant concedes, had been plowed and was free of ice and snow; and appellant's decedent was able to negotiate the same without any difficulty. We conclude, therefore, that summary judgment was properly entered in favor of Lillian Werley and Elva and Herbert Hausman.

■ Similarly, there is no issue as to the liability of Ralph and Pauline Kressley. They are the owners of fields which

lie at the far end of the private road. A narrow dirt lane connects their property with the paved roadway. The Kressleys used the lane only on occasion for farm purposes. It is undisputed that the decedent did not reach the Kressleys' farm or a part of the roadway which immediately abutted their land. Nor is there an evidentiary basis for finding that in some way they had incurred a duty to maintain the roadway which crossed Cynthia Hausman's land. Therefore, the trial court did not err in entering summary judgment in favor of the Kressleys.

■ When the decedent left the paved roadway which had been cleared of ice and snow, he entered the land of Cynthia Hausman. There, he continued down a narrowing, snow-covered dirt lane until his vehicle became stuck and he could go no further. Not only did he leave a roadway which had been paved and cleared of snow, but he passed a "No Trespassing" sign as he went from the paved portion of the right of way onto the dirt lane. The trial court declined to apply Section 367 of the Restatement (Second) of Torts to the facts of this case, and determined as a matter of law that the decedent was a trespasser.

A trespasser is one who enters the land of another without any right to do so or who goes beyond the rights and privileges which he or she has been granted by license or invitation. 27 P.L.E. Negligence § 48. See also: *Porreca v. Atlantic Refining Co.*, 403 Pa. 171, 168 A.2d 564 (1961); *Koerth v. Borough of Turtle Creek*, 355 Pa. 121, 49 A.2d 398 (1946). As a general rule, the owner or occupier's duty to a trespasser is to refrain from willfully or wantonly injuring the trespasser. *Krivijanski v. Union R.R. Co.*, 357 Pa.Super. 196, 201, 515 A.2d 933, 935 (1986); *Antonace v. Ferri Contracting Co.*, 320 Pa.Super. 519, 522, 467 A.2d 833, 835 (1983). However, foreseeable trespassers may, under certain circumstances, be entitled to greater protection. *Frederick v. Philadelphia Rapid Transit Co.*, 337 Pa. 136, 140, 10 A.2d 576, 578 (1940).

Appellant argues that he is either a licensee or a foreseeable trespasser. A "licensee" is a person whose entry upon

or use of the premises in question is by express or implied permission of the owner or occupier. 27 P.L.E. Negligence § 42. A licensee enters upon the land of another solely for his own purposes; the invitation extended to him is given as a favor by express consent or by general or local custom, and is not for either the business or social purposes of the possessor. *Fanning v. Apawana Golf Club*, 169 Pa.Super. 180, 186, 82 A.2d 584, 586 (1951). The duty which a possessor of land owes to a licensee has been stated as follows:

"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn them of the condition and the risk involved therein.... The liability of a possessor of land who invites or permits gratuitous licensees to enter his land, is not based upon his duty to maintain it in safe condition. It is based upon his duty to disclose to them the risk which they will encounter if they accept his invitation or permission. He is required to exercise reasonable care either to make the land as safe as it appears or to disclose the fact that it is as dangerous as he knows it to be."

*Rushton v. Winters*, 331 Pa. 78, 80, 200 A. 60, 61 (1938), quoting Restatement of Torts § 342 and comment d thereto. See also: *Felix v. O'Brien*, 413 Pa. 613, 199 A.2d 128 (1964); 27 P.L.E. Negligence § 43.

After a careful analysis of the facts, we conclude that the trial court properly determined the decedent to be a trespasser on lands owned by Cynthia Hausman. Although he may have entered the Hausman land by accident, it is nonetheless clear that he was not there by permission.

"In determining whether the person who enters or remains on land is a trespasser within the meaning of this

Section, the question whether his entry has been intentional, negligent, or purely accidental is not material, except as it may bear upon the existence of a privilege to enter.... So far as the liability of the possessor of the land to the intruder is concerned, however, the possessor's duty, and liability, will be the same regardless of the manner of entry, so long as the entry itself is not privileged. The determining fact is the presence or absence of a privilege to enter or remain on the land, and the status of an accidental trespasser is still that of a trespasser."

Restatement (Second) of Torts § 329, comment c.

Appellant argues that her decedent's permission to enter upon the Hausman land arose by implication because the right of way was maintained in a manner whereby motorists could reasonably believe that it was a public street. If the decedent was misled thereby, it is argued, he would not be a mere trespasser but a licensee or, at least, a trespasser whose presence could have been foreseen. See: Restatement (Second) of Torts § 367, Reporter's Special Note. This argument must be rejected. If the decedent was misled by the paved surface of the private roadway from which ice and snow had been removed, he could not reasonably have believed that he was still on a public road when he came to the end of the paved surface, passed a "No Trespassing" sign, and drove onto a snow-covered, dirt, country lane. For him to believe that he was still on a public road, if such was the case, would have been wholly unreasonable.

Because the decedent was a trespasser, the only duty owed to him by the possessor of the land was to refrain from willfully or wantonly injuring him. There is neither allegation nor evidence that Cynthia Hausman was guilty of willful or wanton misconduct.

Moreover and in any event, Cynthia Hausman was a landlord who was out of possession. Her land had been leased to David Drummer, who was in possession of the entire tract and who had the right to exercise control over the same. As a general rule, a landlord out of possession is

not liable for injuries sustained by persons on his or her property unless the landlord has retained the right to control the portion of the premises on which the injury occurred. See: *Dinio v. Goshorn*, 437 Pa. 224, 228–229, 270 A.2d 203, 206 (1969); *Craig v. Ryan*, 201 Pa.Super. 307, 312, 191 A.2d 711, 713 (1963). See also: Restatement (Second) of Torts § 356 (with certain exceptions, "a lessor of land is not liable to his lessee or to others on the land for physical harm caused by any dangerous condition, whether natural or artificial, which existed when the lessee took possession.") In the instant case, there is no evidence to support a finding that Cynthia Hausman retained any control over the land which she had leased to Drummer or the dirt lane which crossed the demised premises. Thus, it would be wholly unreasonable to impose upon her a duty of clearing the private, farm lane of snow or of giving warning that it had not been cleared to motorists who, without permission, drove their vehicles onto the obviously snow-covered, private land. Therefore, even if the decedent were to be deemed a licensee, there would be no liability on the part of Cynthia Hausman.

This is a case which does not merit further consideration by the judicial system. The trial court properly entered summary judgment in favor of the defendants.

AFFIRMED.