631 A.2d 658

**Richard B. MOORE, Appellant,**

v.

**Hon. Nelson A. DIAZ and Matthew F. Lewandowski.**

Superior Court of Pennsylvania.

Argued May 27, 1993.

Filed Sept. 16, 1993.

Richard B. Moore, in pro. per.

Howard M. Holmes, Philadelphia, for appellees.

Before ROWLEY, President Judge, and FORD ELLIOTT and HOFFMAN, JJ.

ROWLEY, President Judge:

Contending that his appointed position as Assistant Jury Commissioner was eliminated by the appellee, Judge Diaz, who lacked the authority to take such action, Richard B. Moore, (hereinafter "appellant") appeals from the trial court's adjudication in equity in favor of Judge Diaz [1], and Matthew F. Lewandowski [2], (hereinafter "appellees"). In order to dispose of this appeal, we must consider two interrelated questions raised by appellant, which are: (1) "whether the Jury Commission[ ] in Philadelphia [County] is part of the Court of Common Pleas of Philadelphia [County];" and (2) "whether an Administrative Judge of the Trial Division [of the Philadelphia County Court of Common Pleas] can furlough/terminate an Assistant Jury Commissioner of Philadelphia [County]." Following a thorough review of the record and careful analysis of appellant's arguments, we affirm the trial court's order dismissing the instant cause of action.

1. At the time of the events giving rise to this law suit, Judge Diaz was the Administrative Judge of the Trial Division of the Court of Common Pleas of Philadelphia.

2. Deputy Court Administrator for Personnel Services.

An understanding of the history underlying the Jury Selection Commission of Philadelphia County, and its composition, is necessary to a meaningful analysis of the instant appeal. By custom, from 1858 to 1976, potential jurors in Philadelphia County were chosen by the Board of Judges of the Philadelphia County Court of Common Pleas with the assistance of the Sheriff of that county[3]. Eventually this task became so time consuming and burdensome to the Board of Judges and the Sheriff that, to *assist* them in carrying out the task of selecting jury pools for each session of court, they *appointed* a "clerk of the board," an "assistant clerk of the board," and several persons who were designated as "masters."

In 1978, with regard to all counties of this Commonwealth *except Philadelphia,* the legislature altered the manner in which the members of the body responsible for selecting potential jurors should be chosen. In this regard, 42 Pa. C.S.A. § 2122(a) provides that *"[e]xcept in the first judicial district,* the jury selection commission shall consist of two jury commissioners [who are] *elected* . . . and the president judge of the court of common pleas of the judicial district embracing that county."* (emphasis supplied)[4].

Subsequently, in 1980, the legislature attempted to codify the system utilized by Philadelphia County for its jury selection process. In this regard, 42 Pa.C.S.A. § 2122(d) provides that "[i]n the first judicial district, the jury selection board shall constitute the jury selection commission. The clerk of the board shall be the commissioner, the assistant clerk of the board shall be the deputy commissioner, and the masters, not to exceed four, shall be the assistant commissioners." This

---

3. By the Act of May 10, 1949, P.L. 1066, 17 P.S. § 1251, the legislature codified Philadelphia's jury selection practice. That statute provided that "[t]he judges of the courts of common pleas of each county of the first class, with the sheriff thereof, shall constitute a board to be known as the 'jury selection board.'"

4. We find it very significant that in passing 42 Pa.C.S.A. § 2122, the legislature chose *not* to disturb the practice utilized by Philadelphia County for selecting jury pools. Contrary to the arguments made by appellant, we believe this evidences a deliberate intent on the part of the legislature *not* to create a separate and independent body for the task of jury selection in Philadelphia County.

statute changed neither the composition of the group appointed to carry out the task of selecting potential jurors, nor the relationship between that group and the Court of Common Pleas. It merely changed the name given to that group from "Jury Selection Board" to "Jury Selection Commission." The Commission's members are today, and have always been, appointed by the Board of Judges of the Court of Common Pleas, with the assistance of the Sheriff[5].

With this historical perspective, we move on to a recitation of the facts pertinent to this appeal. At all relevant times, Justice Papadakos of the Supreme Court of Pennsylvania was overseeing the fiscal affairs of the Philadelphia County Court of Common Pleas (hereinafter "court"). He had the authority to "approve, implement and monitor all changes deemed necessary and proper to the[ ] [court's] budgets and to insure that such changes bring about fiscal responsibility." *In re Petition of Blake,* 527 Pa. 456, 458, 593 A.2d 1267, 1268 (1991).

Pursuant to that authority, on March 1, 1991, Justice Papadakos penned a letter, on stationery bearing the name of the Supreme Court of Pennsylvania, to Judge Diaz, in his capacity as Administrative Judge of the Trial Division of the Philadelphia County Court of Common Pleas, advising that "the Supreme Court is committed to" "the task of reducing the budget of the Philadelphia courts by at least $16,000,000.00." In furtherance of that goal, Judge Diaz was expected to "fashion a plan of reducing the workforce in [the Trial] Division and [to] submit[ ] it to [Justice Papadakos] for approval and/or modification."

Thereafter, Judge Diaz appointed a "Staffing Committee" to study the organizational structure of the court and to determine which staff positions could be cut from the court's budget

---

5. The trial court found that because a quorum is all that is necessary for a member of the Jury Selection Commission to be appointed, and because "the sheriff['s] ... absence could never defeat a quorum," (Trial Court Opinion, 12/18/92, p. 8), it is, in actuality, the Board of Judges of the Philadelphia County Court of Common Pleas that directs both the operation of the Jury Selection Commission and appoints its members. This finding is adequately supported by the evidence of record.

without substantial interference to the court's operations or efficiency. At the time the study was conducted, there were three (3) Assistant Jury Commissioners in Philadelphia County, although the statute authorizes up to four (4) such positions. The study recommended a salary reduction with regard to each of the three Assistant Jury Commissioners from $33,000.00 to $26,000.00. Additionally, the study indicated that the post of Assistant Jury Commissioner in Philadelphia County did not carry any substantive duties but rather, was "largely ceremonial" in nature. The budget of the Jury Selection Commission of Philadelphia County is, and always has been, subsumed in the court's budget.

Based on the results of the study and pursuant to the mandate of the Supreme Court to reduce the budget of the Trial Division, Judge Diaz, acting as Administrative Judge thereof, reduced the salaries of all three Assistant Jury Commissioners to $10,000.00 per year[6]. A union grievance was then filed on behalf of the Assistant Jury Commissioners with regard to the salary diminution because, although they were not union "members," their positions were "covered" by the bargaining agreement. The union grievance was granted. However, following negotiations with the court employees union[7], Local 810, Judge Diaz decided to completely eliminate the positions of Assistant Jury Commissioner rather than renegotiate the salaries therefor. Many other positions throughout the Trial Division were also eliminated by Judge Diaz.

Early in August of 1991, the three appointed Assistant Jury Commissioners then serving Philadelphia County were advised that they would be "furloughed from the Court of Common Pleas on August 23, 1991." The notifications were sent on the official stationery of "Nelson A. Diaz, Administrative Judge, Trial Division, Court of Common Pleas." The

6. The salaries of the Jury Commissioner and Deputy Jury Commissioner were also substantially reduced.

7. The bargaining agreement, pursuant to which the grievance was filed on behalf of appellant and others, provided that the Court of Common Pleas of Philadelphia County was the *employer* of Philadelphia County's Assistant Jury Commissioners.

recipients of this notification were requested to "report to the Court Personnel Office, Room 311, One East Penn Square, to sign [thei]r separation papers" at 3:00 p.m. on their furlough date.

Appellant, an attorney, was one of the three individuals who held the post of Assistant Jury Commissioner when it was abrogated. On August 23, 1991, in a space designated "Signature of Employee," appellant signed his name to a "Report of Separation" listing his department as "Court of Common Pleas" and his class title as "Assistant Commissioner, Jury Selection."

A Complaint in Equity was then filed by appellant *pro se* seeking reinstatement to the position of Assistant Jury Commissioner, contending that Judge Diaz, acting in his capacity as Administrative Judge of the Trial Division, was without authority to "furlough" him because he served exclusively at the will of the "Jury Selection Commission," a separate entity "created by statute," 42 Pa.C.S.A. § 2122(d), rather than at the pleasure of the court. Following a hearing, Senior Judge Oscar S. Bortner, Specially Presiding, found in favor of appellees and dismissed appellant's cause of action. Post-trial motions were filed and denied. The instant appeal was then timely filed.

As a preliminary matter, we note that this appeal is properly before us pursuant to Rule 741 of the Rules of Appellate Procedure, 42 Pa.C.S.A. That rule provides that "[t]he failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record" perfects the jurisdiction of the appellate court in which it initially was filed, "notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court." 42 Pa.C.S.A. Rule 741(a).

In the instant case, although appellant should have filed this appeal with the Commonwealth Court, 42 Pa.C.S.A. § 762(a)(4), appellees made no objection to this Court's jurisdiction. Therefore, jurisdiction has been perfected in this

Court, and pursuant to Rule 752 of the Pennsylvania Rules of Appellate Procedure, 42 Pa.C.S.A., it is within our discretion to hear the appeal or to transfer it. *Schaeffer v. Frey*, 403 Pa.Super. 560, 563–564 n. 4, 589 A.2d 752, 754 n. 4 (1991); *Schultz v. City of Philadelphia*, 314 Pa.Super. 194, 197, 460 A.2d 833, 834 (1983). In the interest of judicial economy, we exercise our discretion to hear appellant's arguments and decide the merits thereof in this tribunal.

In addressing appellant's claims, we are mindful of the standard by which we must review them, as follows:

"Our scope of review of an adjudication in equity is well established. A chancellor's findings of fact ... have all the force and effect of a jury's verdict and will not be disturbed on appeal if there is sufficient evidence to sustain such findings. [citation omitted]. This rule is particularly applicable to findings which are predicated upon the credibility of witnesses, whom the chancellor has had the opportunity to hear and observe. [citation omitted]. It is equally well settled that a chancellor's conclusions, whether of law or ultimate fact, are always reviewable as they are no more than his reasoning from the underlying facts. [citation omitted]."

*Village Beer & Beverage, Inc. v. Vernon D. Cox & Co.*, 327 Pa.Super. 99, 102, 475 A.2d 117, 118 (1984). *See also: Wagner v. Hart Chemical Co.*, 409 Pa.Super. 289, 597 A.2d 1208 (1991), *alloc. denied*, 533 Pa. 601, 617 A.2d 1275 (1992).

Appellant's first contention is that Judge Diaz was without authority to terminate appellant's position as Assistant Jury Commissioner of Philadelphia County because appellant was not an employee of the Court of Common Pleas. Appellant contends that he served exclusively at the will of the Jury Selection Commission. We must therefore decide whether the Jury Selection Commission is an organization separate and apart from the Court of Common Pleas, as appellant contends, or rather, is a department within the Trial Division of the Philadelphia court system, as argued by appellee.

In its findings of fact, the trial court specifically found that the group of individuals in charge of Philadelphia County's jury selection, whether it be titled the "Jury Selection Board" or the "Jury Selection Commission," has, both in the past and in the present, evidenced an intention to be under the "guiding hand" of the Philadelphia County court system. In so finding, the trial court relied heavily on the testimony of Former Jury Commissioner Kozay, now a Judge of the Court of Common Pleas.

Judge Kozay testified that in his tenure as Jury Commissioner [8], he was regarded as one of the "Department Heads" in the court system and as such, was given a set of regulations and policies by the Court Administrator pertaining to court personnel. Furthermore, Judge Kozay testified that these regulations were consistently followed by him in managing the staff of the Jury Selection Commission. Finally, Judge Kozay testified that the Jury Selection Commission has not "operated under an independent budget since 1957, when it was *absorbed by* the Court of Common Pleas." (emphasis added)

Based on this testimony, and the relevant statutory authority, 42 Pa.C.S.A. § 2122, the Chancellor found that in Philadelphia, as opposed to all other counties in this Commonwealth, the Jury Commissioner, Deputy Jury Commissioner, and the Assistant Jury Commissioners, are by custom and codification thereof, employees of the Court of Common Pleas. They function together as a unit or department under the umbrella of the court system. Appellant has not presented one shred of evidence to the contrary.

Indeed, the record is conspicuously silent as to the manner in which appellant came to be an Assistant Jury Commissioner in Philadelphia County. In the absence of such evidence, and in light of overwhelming countervailing evidence, we deem appellant's claim, that only the Jury Selection Commission had the legal authority to terminate him, to be

8. 1972 to 1988.

completely devoid of merit [9].

In addition to the factors delineated by the trial court which indicate the actuality of the employer/employee relationship of the Court of Common Pleas in Philadelphia County to the Jury Selection Commission, we note the following items, all of which indicate to us that appellant was indeed an employee of the Philadelphia County Court of Common Pleas: (1) the use of the term *"employer"* to designate the Philadelphia County Court of Common Pleas in the bargaining agreement which "covered" appellant's position as Assistant Jury Commissioner; (2) the fact that appellant submitted a request for a leave of absence from his duties as Assistant Jury Commissioner to *Judge Diaz*, in his capacity as Administrative Judge of the Trial Division of the Philadelphia court system; and finally, (3) appellant's signature on a document entitled a "Report of Separation" designating him as an *employee* of the Court of Common Pleas. Having carefully perused the record evidence in this case, we determine that the Chancellor's factual findings are more than adequately supported.

It is clear to us that the Court of Common Pleas of Philadelphia County has the right to control the manner in which the Jury Selection Commission performs its work because this group was originally *created* by the Board of Judges in Philadelphia County to perform a function which had previously been entrusted to *them*, together with the Sheriff, *to wit*, that of selecting potential jurors to hear cases tried in the Court of Common Pleas. Therefore, we conclude, as did the trial court, that while he occupied the office of Assistant Jury

**9.** In so concluding, we note that the "relation of employer and employee exists when a party has the right to select the employee, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done." *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 462, 322 A.2d 362, 365 (1974). *See also: Local 449 v. Pennsylvania Labor Relations Board*, 149 Pa.Commw. 411, 416, 613 A.2d 155, 157 (1992). Furthermore, "it is enough to establish the employer-employee relationship if the employer has the right to control the employee's manner of performance of work, regardless of whether the right is ever exercised." *Red Line Express Co., Inc. v. W.C.A.B. (Price)*, 138 Pa.Commw. 375, 381, 588 A.2d 90, 93 (1992).

Commissioner, appellant was, in fact, an employee of the Philadelphia County Court of Common Pleas.

■ Next, we must determine whether the Chancellor was correct in concluding that termination of appellant's ceremonial office was within the authority and discretion of Judge Diaz, acting as Administrative Judge of the Trial Division of the Philadelphia County Court of Common Pleas. Rule 706(d) of the Rules of Judicial Administration provides that:

> "[e]ach division of a court having three or more judges shall be presided over and administered by an administrative judge, who shall be one of the judges of the court of which the division is a part and shall be selected by the Supreme Court to serve for a term of three years or at the pleasure of the Court."

Further, the Directive to that rule states that "[t]he Administrative Judge shall appoint and assign *all personnel* of the division."

A "Division" is defined as:

> "[a]n administrative unit composed of those judges of the court responsible for the transaction of a specified class of the business of the court. In a court having two or more divisions, each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules."

42 Pa.C.S.A. § 102.

Appellant has advanced no legal authority in support of his argument that Judge Diaz acted beyond the scope of his power as Administrative Judge of the Trial Division in eradicating the post of Assistant Jury Commissioner. Rather, appellant cites us to *Beckert v. Warren,* 497 Pa. 137, 439 A.2d 638 (1981). We note that this case was decided *prior* to the Supreme Court's order appointing Justice Papadakos to oversee the budgetary restructuring of the Philadelphia court system. In *Beckert,* the Supreme Court considered the burden of proof that common pleas judges bear in a mandamus

action brought to compel county commissioners to comply with the budgetary requirements of the court.

Appellant relies on this case for the proposition that "county staff ... includes jury commissioners," such that the "general supervisory and administrative authority [of the Supreme Court] over the personnel of the [unified judicial] system" is not applicable in this case. However, appellant's reliance upon *Beckert* is misplaced for several reasons. First,. the Supreme Court stated in *Beckert* that employees will be deemed "county staff," rather than court personnel, when they are "neither appointed nor supervised by the judges of a court of common pleas." *Id.* at 148, 439 A.2d at 644. In the instant case, the judges of the court of common pleas *do* appoint the individuals who constitute the Jury Selection Commission, and therefore, those persons, including appellant, cannot be regarded as "county staff."

Secondly, the *Beckert* case originated in Bucks County, where by statute and custom, Jury Selection Commissioners are *elected.* However, in Philadelphia, by custom, subsequently codified by the legislature, a completely different practice is utilized. Thus, we conclude that *Beckert* is inapposite to the facts of the instant case.

Therefore, in light of the power given to Judge Diaz under the Rules of Judicial Administration, as Administrative Judge of the division logically governing juries, the Trial Division, to "facilitate the speedy and proper administration of justice in th[at] division[ ]," and also in view of the specific approval given to Judge Diaz by Justice Papadakos of the Supreme Court concerning abrogation of appellant's position due to budgetary constraints, we decide that Judge Diaz was acting well within his sphere of authority, as Administrative Judge of the Trial Division, in furloughing appellant from a post which he held at the exclusive pleasure of the Philadelphia County Court of Common Pleas [10]. Thus, the conclusions drawn by

10. Our decision here, although not mandated by the *Standards Relating to Court Organization* published by the Judicial Administration Division of the American Bar Association, is in complete conformity therewith. Section 1.41, relating to Court Administrative Offices, provides that one

544

the Chancellor from his findings of fact are legally sound and appellant's cause of action must fail.

Accordingly, we affirm the decision of the trial court awarding judgment to appellees.

Judgment affirmed.

of the responsibilities of court unit administrators, such as the Administrative Judge of the Trial Division of a Court of Common Pleas, should be "jury administration." Standards of Judicial Administration, Volume 1, § 1.41(b)(ii)(8).