Loretta LONGBOTTOM, as Administratrix and Personal Representative of the Estate of Brian Keith Longbottom, Deceased, on Behalf of Decedent's Heirs–At–Law and Next–Of–Kin, and on Her own Behalf, Appellant,

v.

SIM–KAR LIGHTING FIXTURE CO.; Bensalem Township School District; Griffith Electric Supply Company, and Paraflex Industries, Inc.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Dec. 8, 1994.

Larry Bendesky, for appellant.

Thomas J. Duffy, for appellee Bensalem Tp. School Dist.

Before McGINLEY and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

McGINLEY, Judge.

Loretta Longbottom (Longbottom) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which entered summary judgment in favor of Bensalem Township School District (School District).

On July 13, 1989, Brian Keith Longbottom (Decedent), Longbottom's 18 year old son, was fatally electrocuted when his foot came into contact with a lighting fixture located approximately 12 to 15 feet above the ground, on an external wall of the Valley Elementary School in Bensalem Township. Based upon the record, Decedent had been hitting tennis balls against the wall of the school. Evidently, while scaling the wall to retrieve balls that were hit onto the roof

Decedent came into contact with the fixture and was electrocuted.

Longbottom filed suit against Sim–Kar Lighting Fixture Co. (Sim–Kar), the manufacturer of the light fixture, which subsequently joined and cross-claimed against the School District, alleging that the accident occurred due to the negligent installation of the fixture by employees of the School District.

The School District subsequently filed a motion for summary judgment arguing that it was immune from liability under the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541–8542. In an opinion and order dated November 5, 1993, the trial court granted the School District's motion, reasoning that Decedent was trespassing when he climbed to the roof. Longbottom appeals.

On appeal, Longbottom argues that the trial court abused its discretion or committed an error of law in granting the School District's motion for summary judgment by usurping the function of the jury, when it determined as a matter of law that Decedent was a trespasser.

■ A motion for summary judgment may be granted only when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Further, our scope of review when examining an order granting summary judgment is limited to determining whether the lower court committed an error of law or abused its discretion. *Deritis v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 244, 582 A.2d 738 (1990). In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen v. Borough of Parkesburg*, 132 Pa.Commonwealth Ct. 321, 324, 572 A.2d 859, 860–861 (1990).

Generally a local agency is immune from liability in personal injury cases.[1] Section 8542 of the Act enumerates a number of exceptions to this principle that apply as long as the damages would be recoverable at common law and the injury was caused by the negligence of either the local agency or an employee acting within the scope of his duties. The real property exception to the general rule granting governmental immunity reads as follows:

> The care, custody or control of real property in the possession of the local agency, *except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing* on real property of the local agency. As used in this paragraph, "real property" shall not include:
>
> > (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
> >
> > (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights of way;
> >
> > (iii) streets; or
> >
> > (iv) sidewalks.

42 Pa.C.S. § 8542(b)(3) (emphasis added).

Longbottom and Sim–Kar argue that the trial court erred in deciding that Decedent was a trespasser. The trial court cites the case of *Oswald v. Hausman*, 378 Pa.Super. 245, 548 A.2d 594 (1988), wherein our Superior Court stated that a trespasser is "one who enters the land of another without any right to do so or who goes beyond the rights and privileges which he or she has been granted by license or invitation." *Id.* at 253, 548 A.2d at 598.

■ In the present case, the School District admitted that Decedent was a licensee when he entered the property for the purpose of hitting tennis balls, but argues that he became a trespasser once he proceeded to climb onto the roof. Longbottom argues that the District's actual knowledge that others previously climbed onto the roof and failed to either warn or prevent future licensees from doing so, constitutes consent to such activities by the District and therefore precludes classifying Decedent as a trespasser.

The School District presented evidence in the form of deposition testimony which described various attempts to prevent people

---

1. 42 Pa.C.S. § 8541.

from getting to the roof. Michael J. Braun, the Director of School Operations, testified that inner doors which lead to the roof are kept automatically locked to prevent access. Deposition of Michael J. Braun, February 10, 1993, at 39, Reproduced Record (R.R.), at 6a. Mr. Robert Scollon, Security Coordinator for the District, testified that the District hired a security company who was instructed to call the police if anyone was found on the roof. Deposition of Robert Scollon, April 5, 1993, at 16–17; R.R. at 19a–20a. Finally, John Edward Hansen (Mr. Hansen), the District's Facilities Manager, testified that the School District made improvements to the building designed to prevent such activity. Mr Hansen stated that a piece of sheet metal was put on an HVAC grate to prevent children from climbing to the roof. Deposition of John Edward Hansen (Hansen Deposition), February 10, 1993, at 27; R.R. at 13a. Mr. Hansen also stated that cinder blocks were installed to prevent anyone from scaling the pipe to the roof. Hansen Deposition, at 25; R.R. at 11a.

We note that Longbottom alleges that Decedent was fatally electrocuted by a light fixture located on the wall of the building. Accordingly, we need only examine the facts surrounding the pipe. As noted by the trial court, Section 330[2] of the Restatement of Torts is instructive in deciding whether Decedent was a licensee.

> A mere failure to object to another's entry may be a sufficient indication or manifestation of consent, if the possessor knows of the intention to enter, and has reason to believe that his objection is likely to be effective in preventing the other from coming. On the other hand, the fact that the possessor knows of the intention to enter and does not prevent it is not necessarily a manifestation of consent, and therefore is not necessarily permission. A failure to take burdensome and expensive precautions against intrusion manifests only an unwillingness to go to the trouble and expense of preventing others from trespassing on the land and indicates only tolera-

tion of the practically unavoidable, rather than consent to the entry as licensee. Even a failure to post a notice warning the public not to trespass cannot reasonably be construed as an expression of consent to the intrusion of persons who habitually and notoriously disregard such notices.

Restatement (Second) of Torts § 330 cmt. c (1965).

The affirmative preventative measures taken by the District are sufficient to conclude, as a matter of law, that the District did not consent. Therefore, the trial court did not err in concluding that Decedent was a trespasser.

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, to wit, this 8th day of December, 1994, the order of the Court of Common Pleas of Bucks County at No. 92–1037–14–2 and dated November 5, 1993, is affirmed.

2. Section 330 of the Restatement (Second) of Torts states the following:

**Licensee Defined**
    A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent.